J-S48024-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JOHN ELLSWORTH O'HARA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| NANCY GIROUX – SUPERINTENDENT, | : | |
| | : | |
| Appellee | : | No. 15 WDA 2015 |

Appeal from the Order entered December 9, 2014,
Court of Common Pleas, Erie County,
Civil Division at No. 12860-2014

BEFORE:  PANELLA, DONOHUE and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:                  **FILED AUGUST 11, 2015**

Appellant, John Ellsworth O'Hara ("O'Hara"), appeals pro se from the order entered on December 9, 2014 by the Court of Common Pleas of Erie County, Civil Division, denying his petition for writ of habeas corpus ad subjiciendum.  For the reasons that follow, we affirm.

O'Hara is currently serving twenty-seven to fifty-five years of incarceration in state prison for his convictions of burglary, possessing instruments of crime, and aggravated indecent assault in 1990.  **See** Petition for Writ of Habeas Corpus Ad Subjiciendum, 10/10/14, at vi.  On October 10, 2014, O'Hara filed a petition for writ of habeas corpus ad subjiciendum (hereinafter "habeas petition") in which he asserted that the Department of Corrections ("DOC") does not have the authority to incarcerate him because it does not possess the required documentation under section 9764 of the

Sentencing Code, 42 Pa.C.S.A. § 9764, specifically a copy of his sentencing order. *See* Habeas Petition, 10/10/14, at 1-9. Attached to O'Hara's habeas petition was correspondence from the DOC documenting his efforts to obtain a copy of his written sentencing order and informing him that the record does not currently exist. *See id.* at Exhibit A.

On December 9, 2014, the trial court denied O'Hara's petition without a hearing, determining that his "request for relief is neither substantiated nor supported by any statute, regulation, precedent, or appropriate case law" and that section 9764 "creates no remedy for relief, or cause of action for failure of the [DOC] to have a copy of [O'Hara]'s sentencing order." Trial Court Order, 12/9/14. On December 30, 2014, O'Hara filed a timely notice of appeal.

O'Hara's pro se appellate brief is nearly incomprehensible and the statement of the questions involved section of his brief raises nine issues that are equally difficult to understand. From what we are able to discern, O'Hara raises two issues on appeal: (1) that the trial court erred in dismissing his habeas petition and (2) that the trial court erred in dismissing his habeas petition without a hearing. *See* O'Hara's Brief at 12-22. Our standard of review in this context is as follows:

> Under Pennsylvania statute, habeas corpus is a civil remedy that lies solely for commitments under criminal process. Habeas corpus is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been

exhausted or are not available. Our standard of review of a trial court's order denying a petition for a writ of habeas corpus is limited to an abuse of discretion.

*Joseph v. Glunt*, 96 A.3d 365, 369 (Pa. Super. 2014) (quotations, citations, and brackets omitted), *appeal denied*, 101 A.3d 787 (Pa. 2014).

First, O'Hara argues that the trial court erred in dismissing his habeas petition. **See** O'Hara's Brief at 12-22. O'Hara asserts that the DOC does not have the authority to incarcerate him because it does not possess a copy of his sentencing order, which he contends is required to incarcerate him under section 9764 of the Sentencing Code. **See id.** We conclude that this argument does not entitle O'Hara to any relief.

The relevant subsection of section 9764 provides as follows:

> **(a) General rule.--**Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:
>
> > (1) Record of adjustment in the county correctional facility, including, but not limited to, misconducts and escape history.
> >
> > (2) Any current medical or psychological condition requiring treatment, including, but not limited to, suicide attempts.
> >
> > (3) All medical records of the county correctional institution relating to the inmate to the extent that those records may be disclosed

under Federal and State law. The records shall include admission testing performed by the county and the results of those tests and any testing related to hepatitis, HIV/AIDS, tuberculosis or other infectious disease testing.

(4) Notice of current or previously administered medications.

(5) A 48-hour supply of current medications.

(6) A written statement by the county correctional institution relating to any sentencing credit to which the inmate may be entitled.

(7) A written statement by the county correctional institution setting forth all of the following:

> (i) The dates on which the inmate was incarcerated.
>
> (ii) The charges pending against the inmate with the offense tracking number.
>
> (iii) The date on which the inmate was released on bail, if any, and a copy of the bail order.

**(8) A copy of the sentencing order and any detainers filed against the inmate of which the county has notice.**

42 Pa.C.S.A. § 9764(a) (emphasis added).

In **Joseph**, cited hereinabove, our Court faced a similar challenge to the DOC's authority to incarcerate a prisoner under section 9764(a)(8). **See Joseph**, 96 A.3d at 366-72. Our Court relied on a memorandum decision from the Commonwealth Court in reaching its conclusion that section

9764(a)(8) did not afford the appellant any relief. *Id.* at 370. This Court explained:

> In **Travis v. Giroux**, No. 489 C.D.2013, 2013 WL 6710773 (Pa. Cmwlth. Dec. 18, 2013), an appellant challenged the DOC's authority to hold him in custody because, as in the present situation, the DOC was unable to produce a written sentencing order. Relying upon two holdings from the United States District Court for the Eastern District of Pennsylvania, the Commonwealth Court held that subsection 9764(a)(8) does not provide a cause of action for prisoners:
>
> > The current version of [42 Pa.C.S. § 9764(a)(8)] requires that a copy of the sentencing order be provided to the [DOC] upon commitment of an inmate to its custody. **However, it does not create any remedy or cause of action for a prisoner based upon the failure to provide a copy to the DOC**. The statute regulates the exchange of prisoner information between the state and county prison system, and does not provide a basis for habeas relief.

*Id.* (quoting **Travis**, 2013 WL 6710773, at *3) (emphasis in original).

Finding **Travis** probative and instructive, our Court held:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor

- 5 -

> implies the vestiture, in a prisoner of any remedy for
> deviation from the procedures prescribed within.

*Id.* at 371 (footnote omitted).

Therefore, based on **Joseph**, O'Hara has no basis on which to argue that the DOC does not have the authority to incarcerate him merely because it does not possess a copy of his sentencing order. Accordingly, the trial court did not abuse its discretion in denying O'Hara's habeas petition.

Second, O'Hara argues that the trial court erred in dismissing his habeas petition without a hearing. **See** O'Hara's Brief at 12-22. This Court has long held that where a habeas petition does not present any factual issues and only presents question of law, a hearing on the petition is not necessary. **Commonwealth v. Smythe**, 195 A.2d 187, 189 (Pa. Super. 1963). Here, O'Hara's habeas petition only raises a question of law, namely, that the DOC does not have the authority to incarcerate him because it does not possess a copy of his sentencing order. Because the habeas petition does not present any factual issues, a hearing on the petition was not necessary in this case. Accordingly, O'Hara's second issue does not entitle him to relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/11/2015</u>